## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DANIELLE STEPHENS,                          )
                                            )
        **Plaintiff,**                             )
                                            )
v.                                          )          Case No. 21-CV-335-CVE-SH
                                            )
US MORTGAGE CORPORATION and                 )
MIDLAND MORTGAGE,                           )
                                            )
        **Defendants.**                            )

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 2) and motion for leave to proceed in

forma pauperis (Dkt. # 3).  On August 17, 2021, plaintiff filed this case alleging that defendants

violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), and the Truth

in Lending Act, 15 U.S.C. § 1601 et seq. (TILA).  Plaintiff makes vague allegations that defendants

submitted a loan application in her name, and she suggests that defendants' conduct caused her to

fraudulently incur a debt that she did not owe.  Dkt. # 2, at 3.  Plaintiff seeks money damages in

varying amounts from each defendant.  She also asks the Court to require defendants to release any

lien against her property and to offer a line of credit up to $675,000.  Id. at 6.  Plaintiff is proceeding

pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her

pro se pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d

1222, 1224 (10th Cir. 2002).

Federal courts are courts of limited jurisdiction, and there is a presumption against the

exercise of federal jurisdiction.  Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005);

Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991).   The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction").   The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.   The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court has fully reviewed the documents attached to plaintiff's complaint, and the documents offer clarification as to the vague allegations made in her complaint.   It appears that plaintiff obtained a home loan from US Mortgage Corporation, and the loan was transferred to Midland Mortgage for servicing in November 2018.   Dkt. # 2, at 12, 14.   Stephens apparently believes that the concept of transferring a loan to another lender for servicing is illegal or fraudulent, and Midland Mortgage sent a letter to plaintiff explaining the process to her.   Id. at 14.   It is clear from the letters from US Mortgage Corporation and Midland Mortgage to plaintiff that she had repeatedly claimed that they had engaged in illegal conduct, and she demanded that they "zero out" the balance of her home loan and extend her additional credit.   Id. at 14, 19.   Plaintiff has attached closing documents from her home loan which show that the loan was issued on March 8, 2017, and the documents also show that US Mortgage Corporation disclosed the amount and terms of the loan,

an itemization of the closing costs, and other disclosures required by TILA at the time plaintiff

signed the loan agreement.  Id. at 22-26.  Plaintiff was expressly advised that her loan may be sold

to another lender for servicing.  Id. at 25.

Plaintiff has not cited Oklahoma law in her complaint, and she is not attempting to allege a

claim under state law.  The Court will consider whether plaintiff's complaint could be construed to

allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule

requires that the federal question appear on the face of the plaintiff's properly pleaded complaint.

See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  "The

complaint must identify the statutory or constitutional provision under which the claim arises, and

allege sufficient facts to show that the case is one arising under federal law."  Martinez v. United

States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiff cites the FDCPA and TILA in her complaint, and the Court will consider whether

she has alleged a potentially valid claim under either statute.  "The FDCPA applies only to 'debt

collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'"

McKinney v. Cadleway Props., Inc., 548 F.3d 496, 501 (7th Cir. 2008).  The FDCPA defines "debt

collector" as "any person who uses any instrumentality of interstate commerce or the mails in any

business the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

15 U.S.C. § 1692a(6).  A "creditor" is defined as "any person who offers or extends credit creating

a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4).  Both US Mortgage Corporation and

Midland Mortgage would plainly qualify as "creditors" under the FDCPA, and plaintiff cannot assert

a colorable FDCPA claim against either defendant.  Under TILA, a creditor is required to disclose

the total amount financed by the agreement, the finance charge, the annual percentage rate, and the

schedule of payments in the credit agreement.  15 U.S.C. § 1638.  A TILA claim must be brought

"within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  The statute

of limitations begins to run "when credit is extended through the consummation of the transaction

between the creditor and its customer without the required disclosures being made."  Betancourt v.

Countrywide Home Loans, Inc., 344 F.Supp.2d 1253, 1258 (D. Colo. Nov. 17, 2004).  In this case,

plaintiff has attached documents to the complaint establishing that the original loan was issued on

March 8, 2017.  Plaintiff has not specifically identified any required disclosure that was not

contained in the original loan documents, and her TILA claim against US Mortgage was not filed

within one year of the date of the alleged violation.  The Court also notes that plaintiff has filed

numerous other lawsuits concerning her credit and consumer transactions, and she has been advised

that her claims about assignment of loans and non-payment of her financial obligations are not

cognizable under the FDCPA and TILA.  Stephens v. Regional Hyundai, LLC, 2022 WL 3139749

(N.D. Aug. 5, 2022).  Plaintiff has not alleged a colorable claim arising under federal law, and the

Court cannot exercise federal question jurisdiction over this case.  The Court find no basis to

exercise jurisdiction over this case under 28 U.S.C. §§ 1331 or 1332, and this case should be

dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that plaintiff's claims are **dismissed without prejudice**

for lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis

(Dkt. # 3) is **moot**.

**DATED** this 29th day of March, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE